**Gregory Moyal ANDERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22848.**

United States Court of Appeals Ninth Circuit.

Feb. 12, 1969.

Frances C. Lund, Salt Lake City, Utah, for appellant.

Edward E. Davis, U. S. Atty., Jo Ann D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before MERRILL and HUFSTEDLER, Circuit Judges, and MADDEN, Judge of the Court of Claims.

PER CURIAM:

Anderson appeals from a judgment convicting him of unlawfully importing marijuana (21 U.S.C. § 176a) and Benzedrine (18 U.S.C. § 545). Anderson's only claim of error is that the court incorrectly overruled his objections to some remarks of the prosecutor during the prosecutor's summation to the jury.

The prosecutor described Anderson as a narcotics salesman who was carrying commercial quantities of contraband.[1] The prosecutor's statements were supported by inferences fairly to be drawn from the evidence. When he was arrested, Anderson had in his possession almost an ounce of marijuana and over 500 pills. (Cf. United States v. Thomas (7th Cir. 1965) 345 F.2d 431.) The statements were responsive to defense counsel's argument to the jury that Anderson's possession of two classes of contraband, one of which "calms you down" and "the other speeds you up," was consistent with his story that he was carrying the drugs at the request of a person who purported to be a government agent. (Cf. Gray v. United States (9th Cir. 1967) 394 F.2d 96, 101.)

The prosecutor also remarked, "If you want to accept stories like this, let the traffic continue, it is your business, it is your country." This mild and fleeting remark did not deprive Anderson of a fair trial. (United States v. Williams (6th Cir. 1963) 319 F.2d 479.)

The judgment is affirmed.

---

1. The prosecutor said: "Why shouldn't a salesman have two different types of merchandise, amphetamine, benzedrine, and a little sample of marijuana? Those are commercial quantities."