**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gerald ELMAN, Defendant-Appellant. No. 28927.**

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1970.

Barry N. Semet, Miami, Fla. (court appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Jose E. Martinez, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, DYER and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment wherein defendant was convicted upon trial by jury of eight counts of violation of Title 18, U.S.C.A. § 1341 (mail fraud statute), and received sentences of one year on each count, to run concurrently. The parties will be identified herein as they appeared in the district court.

Defendant asserts two errors, (1) that the court erred in charging the jury that defendant's prior conviction of mail fraud may be considered not only for impeachment purposes, but may also be considered to prove intent, common purpose, scheme or design; and (2) that the record as a whole was insufficient to support the jury's verdicts.

The portion of the court's charge objected to is as follows:

"Ladies and gentlemen of the jury, I want to give you a preliminary charge at this time with respect to Mr. Elman's testimony.

"Evidence has now been introduced that Mr. Elman was convicted of an offense similar to the one for which he is now on trial. This evidence is

admissible solely for your consideration in evaluating the credibility which you will give to his testimony, and also for your consideration of whether it tends to show that Mr. Elman intended to commit the offense that he is charged with or tends to show that Mr. Elman had a scheme or a design to commit crimes of the sort with which he is now charged.

"You are not required to so consider this evidence, and whether you do or not, it is a matter within your exclusive province. You may not consider it as tending to show in any other respect Mr. Elman's guilt of the offense with which he is now charged.

\* \* \* \* \* \*

"I will charge you later, among other things, that intent is an essential element of this offense. So this evidence was admitted solely for the purpose of credibility and intent, and it is not evidence of any kind whatsoever that he did commit the specific offense with which he is now charged."

The defendant voluntarily took the witness stand to testify in his own behalf. Upon cross examination the prosecution elicited from his testimony that he had been convicted of mail fraud in Pennsylvania on March 31, 1966. It is established law in this circuit that evidence of other offenses by the accused is admissible to show the accused's criminal intent as to the offense charged, where other offenses are similar to and not too remote from that charged, and where intent is in issue as an element of the offense charged. Lloyd v. United States, 226 F.2d 9, 18 (5th Cir. 1955); Weiss v. United States, 122 F.2d 675, 692 (5th Cir. 1941), cert. denied 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550.

We find no merit to defendant's contention that the record as a whole was insufficient to support the jury's verdicts.

The judgment of the district court is affirmed.