**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lethenia Alfonzia WILLIAMS,
Defendant-Appellant.**

**No. 28663.**

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1970.

**1002**

Francis C. Broaddus, Jr., El Paso, Tex. (Court-appointed), for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., El Paso, Tex., Romualdo Cesar Caballero, Atty., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before GODBOLD, SIMPSON and MORGAN, Circuit Judges.

SIMPSON, Circuit Judge:

Lethenia Alfonzia Williams appeals from his judgment of conviction, following jury trial, of two violations of Title 21, U.S.C., Section 176a, in that he (1) knowingly, with intent to defraud the United States, imported and brought into the United States, contrary to law, a quantity of hashish,[1] and (2) received and concealed, and facilitated the transportation and concealment, after importation, of hashish, knowing the same to have been imported and brought into the United States contrary to law.[2] Appel-

lant was sentenced to five years imprisonment on each count, the sentences to run concurrently. We affirm the conviction.

### I. "North-South" Theory

The appellant testified at his trial that the hashish had been purchased by him in New York City, without any knowledge of its origin or source, approximately one month prior to his arrest. He further stated that while traveling from Atlanta, Georgia to Los Angeles, California, he took a side trip to Juarez, Mexico, carrying the hashish with him from the United States to Mexico. Upon his return to El Paso, Texas, a routine inspection by Customs Agents uncovered the hashish in appellant's possession.

Williams contended in the district court, as he does here, that a person cannot unlawfully "import" in violation of Title 21, U.S.C., Section 176a, if that person brought the substance into the United States after himself having taken the substance out of the country. He therefore argues that the district court erred in denying his motions for judgment of acquittal and for new trial. He contends further that prejudicial error was committed by the trial judge when he charged the jury that to "import or bring" means the bringing of hashish within the territorial boundaries of the United States, regardless of origin, and in generally failing to instruct the jury relative to the "North-South" theory.

---

1. Hashish is covered by the term "marihuana" in Title 21, U.S.C., Section 176a, which provides that the term, "marihuana" has the meaning given to such term by Section 4761 of the Internal Revenue Code of 1954 (Title 26, U.S.C., Section 4761(2)). That section provides in pertinent part: "The term 'marihuana' means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the *resin* extracted from any part of such plant; and every compound, manufacture, salt, *derivative*, mixture, or preparation of such plant, its seeds or *resin*; * * * *". It was stipulated at trial that the substance found on Williams was in fact

hashish, that it was unnecessary to bring a chemist to testify to the nature of the substance, and parts of the chemist's report could be read to the jury. The portion of the report read included the identification of the material as "27.71 grams of marihuana or Cannabis sativa, in a form commonly known as hashish". Sweepings from the defendant's clothing were further identified as marihuana in the form of hashish. The appellant himself testified that "hashish comes from marihuana" and that he has grown marihuana himself.

2. A third count under Title 26, U.S.C., Sections 4751–4753, was dismissed by the trial judge.

The appellant cites Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, for support for his "North-South" theory. In *Leary* the Supreme Court noted that the district court had dismissed a smuggling count for the apparent reason that an article taken out of the United States could not be smuggled back into the country. 395 U.S. at p. 11, fn. 4, 89 S.Ct. at p. 1535. United States v. Claybourn, (S.D.Cal. 1960) 180 F.Supp. 448.

In *Claybourn* Judge Carter held that one who had taken a substance out of the country, and then brought it back in himself could not be guilty of *smuggling*. However, the court further held that when goods were brought back into the country regardless of their origin they were "imported" contrary to law if the goods were not presented for inspection, entered and declared. There is support for such a construction of "import" in the Supreme Court as well as in this Circuit. Cunard S.S. Company v. Mellon, 1923, 262 U.S. 100, 122, 43 S.Ct. 504, 507, 67 L.Ed. 894; Canton Railroad Company v. Rogan, 1951, 340 U.S. 511, 515, 71 S.Ct. 447, 449, 95 L.Ed. 488; Tomplain v. United States, 5 Cir. 1930, 42 F.2d 203. We think that one who takes hashish out of the country and returns with the hashish in his possession without a declaration thereof to Customs Agents is subject to prosecution for illegal importation. Accordingly, we find no error in the rulings or instructions of the trial judge regarding this issue.

## II. *Mere Possession*

█ Appellant urges that the district court erred in not affirmatively instructing the jury that mere possession was not sufficient to convict. Appellant argues that *Leary* supra, not only prohibits instructions that importation may be presumed from mere possession, but further *requires* an *affirmative* instruction that mere possession cannot give rise to presumption of importation. We disagree. The trial judge was careful not to charge the jury regarding any presumption of importation, and more-over thoroughly instructed the jury respecting the elements of the offense and the necessity that each be found from the evidence beyond a reasonable doubt in order to warrant conviction. No more was required under the law as we understand it.

## III. *Appellant's Courtroom Appearance*

[3] Appellant next argues that error occurred when he was forced to go to trial in inappropriate clothing because the government had either intentionally or negligently misplaced other clothing owned by him. He claims that these facts resulted in a displeasing personal appearance in the courtroom which adversely affected his credibility in the eyes of the jury. The trial court denied a motion for continuance to permit Williams time and opportunity to acquire other clothing. It is claimed that the denial was reversible error. The government counters that appellant did not request his other clothing until the eve of the trial, too late for the clothing, thought to be in San Francisco, to be produced for the trial. More suitable apparel was offered to Williams by the United States Attorney and by the district judge. It was refused. The district judge noted for the record that the defendant was neat in appearance, wearing a clean white shirt with black stripes, a double-breasted coat, and neat trousers. The judge directed that color photographs be taken of Williams and placed in the record. These show his dress to have been neat and orderly.

Motions for continuance are addressed to the sound discretion of the trial court. The trial judge in the circumstances present here did not abuse his discretion in denying the motion for continuance. See generally, Isaacs v. United States, 1895, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229; Welsh v. United States, 5 Cir. 1968, 404 F.2d 414, 416; Taylor v. United States, 5 Cir. 1960, 279 F.2d 10.

## IV. *Closing Argument*

The next contention advanced is that the government attorney made improper

comments during his closing jury argument and that the district court erred in denying defense motions for a mistrial, or alternatively, a cautionary instruction to disregard the comments of the prosecutor. During the closing argument, the prosecutor commented:

"＊  ＊  ＊  yet he stands up here and his counsel reasonably argues why this man never had the intent, he has told you the whole story, he would never dream of cheating or breaking the law, he has told you about smoking pot, LSD, growing his own plants, *how many violations of law has this man admitted here, he is not charged with them, that is true, but* ＊  ＊  ＊"

▉ The claim is that these comments improperly suggested to the jury that possession alone of hashish is a federal criminal violation. The appellee responds that the appellant testified to three prior convictions for crimes of moral turpitude, of possession of hashish, and of efforts to keep the knowledge of his possession of hashish from government authorities. Appellee argues that it had the burden of proving the appellant's intent to defraud the United States, and its representative was entitled to comment fairly upon appellant's admissions along with any other evidence bearing upon the issue of intent.

It may be noted in passing that our decisions establish that evidence of the commission of other offenses by the accused may be received to show the accused's criminal intent as to the offense charged, provided that the other offenses are similar to and not too remote from that charged, where intent is in issue as an element of the offense on trial. United States v. Elman, 5 Cir. 1970, 433 F.2d 332; Lloyd v. United States, 5 Cir. 1955, 226 F.2d 9.

Williams on his examination in chief testified to long familiarity with the use of marihuana and hashish, and detailed several previous convictions for various offenses. The prosecutor's remarks were fair comments as to matters put in evidence by the appellant. We find no error in the district court's rulings on the appellant's motions for mistrial or for a cautionary instruction. Cf. Anderson v. United States, 9 Cir. 1969, 406 F. 2d 1057.

Finally appellant's argument directed to the sufficiency of the evidence is so clearly without merit as not to warrant extended discussion.

The judgment of conviction is

Affirmed.