UNITED STATES of America,
Plaintiff-Appellee,

v.

Joshua Dailey ROUSE, Defendant-
Appellant.

No. 71-1325

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 1971.

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

M. A. Marsal, Mobile, Ala., for defendant-appellant.

Irwin W. Coleman, Asst. U. S. Atty., C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Joshua Dailey Rouse appeals from a conviction for assaulting federal officers in violation of 18 U.S.C. § 111.[1] We affirm.

This assault conviction grew out of an attempt by three F.B.I. agents to arrest Rouse for an alleged Dyer Act violation. On March 6, 1970, a federal grand jury in Mobile, Alabama, returned an indictment against Rouse charging him with the interstate transportation of a stolen car, and a warrant for Rouse's arrest was issued on that indictment. On the same date, three F.B.I. agents went to Webb's Cafe, a business run by Rouse in Calvert, Alabama, to arrest him. Rouse went outside the cafe with the agents and a scuffle ensued in which Rouse admittedly brandished a knife. Rouse was subdued, arrested, and charged with assault.

I.

During the trial, the Government offered as evidence a copy of the indictment returned against Rouse for transporting a stolen motor vehicle in interstate commerce. Rouse argues that the admission of this indictment into evidence was reversible error because it "shed no light on relevant issues in the case, and [had] no effect other than to prejudice the defendant". Appellant cites no authority for the proposition that the admission of the indictment was error.

This contention must fail. One element of a Section 111 violation is that the federal officers be assaulted "while

---

1. Title 18, U.S.C. § 111 provides as follows:

Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties shall be fined not more than $5000 or imprisoned not more than three years, or both.

Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

engaged in or on account of their official duties". Admission of the indictment was certainly relevant to this element of the crime since it established that Rouse was subject to arrest by the agents. Accordingly, admission of the indictment was permissible.

Rouse alternatively argues that even if the indictment was admissible, it was reversible error for the trial judge to fail to instruct the jury that the indictment should be considered only for the limited purpose of proving that the federal officers were engaged in the performance of their duties. However, the record reveals that Rouse failed to properly present this contention to the trial court by requesting such a cautionary instruction before the jury retired in compliance with Rule 30, F.R.Crim.P. Hence, this court can reverse the trial court only if its failure to give such an instruction was plain error. Rule 52(b), F.R.Crim.P.; Apodaca v. United States, 10 Cir. 1951, 188 F.2d 932, 937. After a careful review of this record, we cannot conclude that the failure to give such an instruction had such a prejudicial effect on the defendant's substantial rights as to place it in the category of plain error. See United States v. Ostendorff, 4 Cir. 1967, 371 F.2d 729; Chubet v. United States, 8 Cir. 1969, 414 F.2d 1018 (1969).

## II.

The three agents testified at the trial that, after the melee and arrest, and while on route to jail in Mobile, the defendant spontaneously volunteered a statement, the gist of which was that it was a good thing that the agents had arrested Rouse outside the cafe because he had a gun inside the cafe and would have killed at least two of the agents had they attempted to arrest him there.[2] There was varying testimony as to how long after the scuffle this statement was allegedly made. Agent Robinson fixed the time as 20 minutes afterwards; whereas, agents Volmer and Dayton estimated that the statement was made four or five minutes afterwards. Over the objections of the defendant, the trial judge admitted the testimony concerning this statement.

On appeal, Rouse argues that this testimony was erroneously admitted because the statement was made at a point in time too remote from the scuffle and arrest to be admissible as "part of the res gestae". This argument reflects a misunderstanding of the doctrine of res gestae. That doctrine is an exception to the rule against hearsay which provides that statements which would otherwise be inadmissible as hearsay may be admitted if they closely accompany material acts or situations. See 6 Wigmore, Evidence §§ 1746, 1747 (3rd Ed. 1940).[3] In this case, however, Rouse's statement was not hearsay but rather was an admission which was relevant to his intent at the time he committed the alleged assault; thus, it is irrelevant whether this statement was part of the res gestae. As stated by Wigmore, "any and every statement of an accused person, so far as not excluded by the doctrine of confessions * * * or by the privilege against self-incrimination * * * is usable against him as an *admission* * * *." 6 Wigmore, Evidence, § 1732, p. 99 (3rd Ed. 1940); see also Asher v. United States, 9 Cir. 1968, 394 F.2d 424, 429. The doctrine of res

2. There is no *Miranda* problem with regard to the admission of this testimony. The district court held an evidentiary hearing and determined that while the defendant was in custody, no interrogation took place. The statement was spontaneously volunteered. See Gonzales v. Beto, 5 Cir. 1970, 425 F.2d 963, 971.

3. Use of the term res gestae is now somewhat archaic. The doctrine was relied upon widely in 19th century case law. More recently, courts have recognized that the blanket res gestae exception to the hearsay rule actually embodies four distinct exceptions: (1) declarations of present bodily condition, (2) declarations of present mental state and emotions, (3) excited utterances, and (4) declarations of present sense-impressions. *See generally*, C. McCormick, Handbook, of the Law of Evidence, § 274, at 585.

gestae does not, of course, stand for any general rule that statements of criminal defendants are inadmissible unless made contemporaneously with the alleged criminal act.

■ Rouse's second objection concerning this testimony relates to the cautionary instructions given by the trial judge. In his instructions, the judge stated that the testimony concerning this alleged statement was evidence "to indicate what the defendant's state of mind was at the time this thing occurred back up at the cafe". This charge informed the jury that the testimony was admitted for the limited purpose of proving specific criminal intent. It did not constitute, as alleged by Rouse, an unwarranted comment on the evidence.

### III.

■ Rouse's final assignment of error relates to another portion of the charge. At one point in the charge, the judge stated:

And if you are convinced beyond a reasonable doubt that under those circumstances he made any resistance; jerked away from them, pulled a knife out of his pocket or anything; if you are convinced beyond a reasonable doubt of that, that is sufficient to convict him * * *.

Rouse correctly argues that this segment of the charge was erroneous since it implied that Rouse could be convicted for physical resistance without use of a dangerous weapon.[4] He argues that this charge stated the elements of the lesser offense of resisting arrest punishable as a misdemeanor under 18 U.S.C. § 1501, for which Rouse was not indicted.

■ It is elementary, however, that the correctness of a charge is measured not by an isolated remark but by the charge as a whole. United States v. Green, 5 Cir. 1970, 433 F.2d 946; January v. United States, 5 Cir. 1969, 409 F. 2d 31. In this case, the district judge immediately attempted to cure his error by stating: "[I]f you are convinced beyond a reasonable doubt of that, that is sufficient to convict him, if he intended *to offer resistance with the knife* and he willfully did that * * *." (Emphasis added).

Ideally the charge should have informed the jury with greater clarity that use of a dangerous weapon was an essential element of the crime. However, on the facts of this case we think that any ambiguity in the charge was harmless. There was no dispute that Rouse had drawn a knife on the federal agents. Rouse himself testified:

They proceeded to manhandle me and to put me in the car. And I backed up and I still don't know who they were, and I had my money in my pocket that I do business with. So, I backed up and run my hand in my pocket and got my knife. When I cleared my pocket with my knife, the gentleman who has been identified as Agent Volmer and Agent Dayton proceeded to pull their weapon, and when they did that, I closed the knife and tossed it to my wife who was standing there, and she missed the knife; it fell on the ground and the agent picked it up.

The entire thrust of Rouse's defense was that the agents had failed to properly identify themselves and, thus, that he was justified in using the knife to defend himself against an unprovoked attack by strangers. The sole controverted question of fact for the jury was whether the agents had properly identified themselves and informed Rouse that there was a warrant outstanding for his arrest. Under these circumstances, the ambiguity in the charge concerning use of a dangerous weapon could not have been prejudicial.

Affirmed.

---

4. Section 111 really defines two distinct crimes. The first paragraph defines the crime of assaulting a federal officer without the use of a dangerous weapon. The second paragraph defines the crime of assaulting a federal officer with a dangerous weapon. Rouse was not indicted for and could not have been convicted for the crime defined in the first paragraph of Section 111.