**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John P. STIGLETS, Defendant-Appellant.**

No. 72–1170

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

June 28, 1972.

Rehearing Denied July 25, 1972.

---

\* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Emile M. Weber, Weber & Weber, Baton Rouge, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., John Lee Smith, Atty., Dept. of Justice, Stephen L. Dunne, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

John Percy Stiglets was charged in a three-count indictment with (i) counterfeiting 9,422 Federal Reserve notes with intent to defraud in violation of 18 U.S.C.A. § 471, (ii) possessing offset printing plates with intent to use such plates for counterfeiting in violation of 18 U.S.C.A. § 474, and (iii) possessing the counterfeit notes with intent to defraud in violation of 18 U.S.C.A. § 472. Following trial by jury in the District Court, the defendant was acquitted on counts (i) and (iii), convicted on count (ii), and sentenced to the custody of the Attorney General for a term of six years. We affirm.

The record reveals that the defendant testified in his own behalf and admitted every element of each offense other than criminal intent. His defense was based exclusively on the contention that he had printed the bills as a result of threats directed against himself, his business and members of his family.

Primarily the appellant argues that the Trial Judge incorrectly instructed the jury on the issue of intent. All of the several variations orchestrated on this theme are without merit. The Court's charge contained an explicit instruction to the effect that intent to use the plates for counterfeiting was a necessary element of the offense, and there was likewise a concise explanation of the relevance of that issue to the defense of coercion. Unlike Mann v. United States, 5 Cir., 1963, 319 F.2d 404, this is not a case in which the instructions were confusing, misleading, or incorrect as a matter of law. The assertion that the jury was told that mere possession was sufficient for a conviction is flatly refuted by the record.

**244**

Because each of the counts involved one transaction and virtually identical facts, the appellant argues that an acquittal on two counts automatically dictated acquittal on all counts. Without deciding the point, we may assume that the jury's verdict was logically inconsistent. However, "inconsistency between verdicts on different counts of the indictment does not vitiate convictions on those counts of which defendant is found guilty. Each count is separately considered and if supported by the evidence, may stand." United States v. Lloyd, 5 Cir., 1970, 425 F.2d 711, 713.

By United States v. Coley, 5 Cir., 1971, 441 F.2d 1299, 1301, we have already rejected the appellant's theory that the failure to hold a preliminary hearing amounted to a denial of due process of law. The Government's failure to introduce the printing plates into evidence, if it was error at all, was clearly harmless error under F.R.Cr.P. 52, particularly in light of the defendant's unequivocal admission that he possessed the plates and that they were spurious. Likewise, the attack on the District Court's action with respect to the defendant's motions for discovery and inspection must fail in the absence of any showing whatever that such action constituted an abuse of discretion or resulted in prejudice to substantial rights of the accused. United States v. Saitta, 5 Cir., 1971, 443 F.2d 830. As for the denial of the motion to suppress, we are persuaded that the record clearly and conclusively establishes the legality of the search and the seizure that accompanied it.

Finally, the appellant claims that his motion for a judgment of acquittal should have been granted. Inasmuch of the proof of guilt with respect to the second count of the indictment was sufficient to support an inference of guilt beyond a reasonable doubt, that claim is without merit. United States v. Warner, 5 Cir., 1971, 441 F.2d 821, 825, cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L. Ed.2d 58.

Affirmed.