Joseph Eugene Robert HOULE,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 72–1967

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 26, 1972.

Joseph E. R. Houle, pro se.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

In a trial before the District Court sitting without a jury Joseph Eugene Robert Houle was convicted of violating 21 U.S.C.A. § 176a by (i) smuggling 98½ pounds of uninvoiced marihuana

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir., 1970, 431 F.2d 409, Part I.

into the United States with intent to defraud the Government and (ii) unlawfully transporting and concealing that marihuana with knowledge of its illegal importation. He was sentenced to concurrent 20-year prison terms on each count, and on direct appeal the convictions were affirmed. United States v. Houle, 5 Cir., 1970, 428 F.2d 816, cert. denied, 400 U.S. 882, 91 S.Ct. 127, 27 L. Ed.2d 120.

Thereafter Houle unsuccessfully sought relief under 28 U.S.C.A. § 2255. He now appeals, claiming that (i) the concurrent sentences were duplicitous, (ii) an evidentiary hearing was required to determine whether the Trial Judge utilized the statutory presumption invalidated by Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 to infer knowledge of illegal importation from the fact of possession alone, (iii) the dismissal at trial of a count in the indictment alleging an unlawful failure to pay the marihuana transfer tax in violation of 26 U.S.C.A. § 4744(a) (2) operated as an acquittal on the count alleging unlawful transportation and concealment, (iv) the offenses could not legally be tried by the Judge alone because the statute provides the defendant with an opportunity to explain his possession "to the satisfaction of the jury," (v) the Trial Judge erred by admitting into evidence an inculpatory statement made by the defendant following his arrest at the border by customs officials ("That's the best stuff you can get"), and (vi) the lengths of the sentences constituted cruel and unusual punishment within the prohibition of the Eighth Amendment.

■ Each of these contentions is totally without merit. Since the statute proscribes separate and independent offenses involving different acts and different elements of proof, it is clear that a defendant convicted of smuggling marihuana into the country may also be convicted of unlawfully transporting and concealing it. United States v. Williams, 5 Cir., 1970, 435 F.2d 1001.[1] Under such circumstances the *Leary* presumption is altogether irrelevant, since one who smuggles marihuana invariably has knowledge of the fact of illegal importation. Because Houle does not and could not at this point challenge the sufficiency of the evidence to support the conviction for smuggling, there is simply no conceivable foundation for the claim that the presumption might have influenced his conviction for unlawful transportation and concealment. Vaccaro v. United States, 5 Cir., 1972, 461 F. 2d 626, at p. 630, n. 57.

■ Obviously the dismissal of the third count of the indictment at trial, even if it was somehow equivalent to a judgment of acquittal on that count, did not preclude a finding of guilt on the other two counts. United States v. Stiglets, 5 Cir., 1972, 463 F.2d 242. Equally obvious is the fact that by waiving a jury trial Houle was compelled to explain his possession of the marihuana to the Judge. McClain v. United States, 9 Cir., 1969, 417 F.2d 489, 493, cert. denied, 1970, 397 U.S. 965, 90 S.Ct. 996, 25 L.Ed.2d 257. Since the inculpatory statement was gratuitously volunteered by the defendant and was not the product of a custodial interrogation, it was properly admitted into evidence despite the absence of a prior *Miranda* warning of constitutional rights. United States v. Rouse, 5 Cir., 1971, 452 F.2d 311, 313 and n. 2. The assertion that the sentences amount to cruel and unusual punishment must likewise be rejected. Castle v. United States, 5 Cir., 1968, 399 F. 2d 642, 652.

Affirmed.

1. The petitioner's reliance on Holland v. United States, 5 Cir., 1967, 384 F.2d 370 is misplaced. Unlike the statutory provisions here, the subsections of the Federal Bank Robbery Act "were not designed to establish separate, independent offenses." United States v. White, 5 Cir., 1971, 440 F.2d 978, 981, cert. denied, 404 U.S. 839, 92 S.Ct. 129, 30 L.Ed.2d 72.