**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Aron FRIEDMAN, Defendant-Appellant.**

**No. 74–1143.**

United States Court of Appeals, Ninth Circuit.

Aug. 14, 1974.

Certiorari Denied Dec. 9, 1974. See 95 S.Ct. 635.

their possession; that they rented a car in Tucson, crossed the international border at Nogales, Arizona, and contacted a supplier in Nogales, Sonora, Mexico, for the purpose of exchanging the cocaine; that no such exchange having been made, the cocaine, concealed in their car, was driven by defendants back to the entry port at Nogales, Arizona, where the car was searched, the cocaine discovered and defendant and his co-defendant arrested.

 Defendant, citing United States v. Claybourn, 180 F.Supp. 448 (S.D.Cal.1960); Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) and United States v. Pyle, 424 F.2d 1013 (9th Cir. 1970), argues that, since his possession of the cocaine originated in the United States, its subsequent reintroduction by him into the United States after having been taken out of the United States does not constitute importation within the meaning of Sections 952(a) and 951(a).

*Claybourn* did so hold with respect to the smuggling portion of 18 U.S.C. § 545, but, with respect to the importation portion of that section, it held that there could be importation, even under such circumstances, if the defendant had the requisite intent to fraudulently and knowingly import the goods in question.

In *Leary,* the Supreme Court, considering the importation element of 21 U.S.C. § 176a merely noted (p. 11, note 4) that the trial court, apparently following *Claybourn,* had dismissed a Section 545 smuggling count against *Leary* when it appeared without dispute that the defendant had obtained the goods in the United States, carried them to Mexico and then back into the United States.

In *Pyle* the court, considering § 176a, merely noted (p. 1015, note 4) *Claybourn* and *Leary* as recognizing this exceptional situation, i. e., where a defendant, charged with smuggling under Section 545, is found to have been return-

Walter B. Nash, III (argued), of Waterfall, Economidis, Caldwell & Hanshaw, Tucson, Ariz., for defendant-appellant.

Gerald S. Frank, Asst. U. S. Atty. (argued), Tucson, Ariz., for plaintiff-appellee.

Before KOELSCH and MERRILL, Circuit Judges, and SWEIGERT,* District Judge.

## OPINION

SWEIGERT, District Judge:

Defendant-appellant was convicted by jury verdict of importing cocaine into the United States in violation of 21 U.S.C. § 952(a); also of the lesser offense of possession of cocaine (21 U.S.C. § 844(a)), included in 21 U.S.C. § 841(a)(1).

Defendant appeals only from the judgment rendered upon the importing conviction, contending that the evidence was insufficient to establish importation within the meaning of 21 U.S.C. § 951(a)(1) which defines import as "any bringing in or introduction of such article into any area (whether or not such bringing in or introduction constitutes an importation within the meaning of the tariff laws of the United States)".

The evidence was to the effect that prior to August 12, 1973, a co-defendant had brought the cocaine into the United States from Mexico; that on August 12th defendant and the co-defendant flew by plane from Washington, D.C., to Tucson, Arizona, with the cocaine in

---

* The Honorable William T. Sweigert, Senior United States District Judge for the North- ern District of California, sitting by designation.

ing to the United States with the identical goods he had previously taken out of the country, a smuggling count will not stand.

*Pyle,* however, clearly recognizes (as did *Claybourn* and as did also United States v. Williams, 435 F.2d 1001 (5th Cir. 1970)) that there can be importation under either Section 545 or Section 176a even though the defendant's connection with the goods originated in the United States—provided only that importation is knowing or fraudulent (as required by Section 545) or with intent to defraud and contrary to law (as required by Section 176a).

The stated qualification stems from the fact that both Section 545 and former Section 176a, with which these cases were dealing, are framed in a context of customs law violation.

The present conviction rests, not on Section 545 nor on Section 176a (since repealed and replaced by Section 952(a), but upon the new (1970) statute, 21 U. S.C. § 952(a)), which now makes it an offense to (willfully) import any controlled substance into the United States —without requirement for any particular specific intent or any customs law involvement as required under Section 545 and former Section 176a.

This is clear from the Section 951(a) definition of importation (for Section 952(a) purposes) as being the bringing in or introduction of narcotics into the United States "whether or not such bringing in or introduction constitutes an importation within the meaning of the tariff laws of the United States."

 Even if a specific intent to defraud the customs laws of the United States were required for the present conviction, it has been held that, as the court noted in *Pyle* (424 F.2d pp. 1015, 1016), evidence is sufficient to support an implied finding of such intent when it shows an attempt by defendant to bring narcotics, undeclared and concealed, through a port of entry—as is

shown by the evidence in the present case.

For the foregoing reasons we hold that the evidence was sufficient for the jury to have found defendant guilty of importation of cocaine within the meaning of Sections 952(a) and 951(a)(1) and the judgment thereon is affirmed.