UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert James McLAURN, Jr.,
Defendant-Appellant.

No. 78–5005

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 1978.

Rehearing Denied Oct. 20, 1978.

Chalmers H. Barnes, Jacksonville, Fla. (Court-Appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Thomas E. Morris, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

Robert James McLaurn, Jr. was convicted on the first count of a three count indictment and sentenced to confinement for eighteen months. The count under which he was convicted charged unlawful possession of a stolen government check. The counts under which he was acquitted charged that he caused a forged endorsement of the same check and caused the check to be uttered and published as true.

On appeal McLaurn first challenges the sufficiency of the evidence. His contention is grounded on his acquittal of the charges contained in Counts Two and Three. McLaurn reasons that the jury must not have believed the evidence which supports those counts and that there is not enough other evidence to support his conviction under Count One. The argument misapprehends the principles which govern our review. In *United States v. Fuiman*, 546 F.2d 1155, 1157–1158 (5th Cir. 1977), *cert. denied*, 434 U.S. 856, 98 S.Ct. 176, 54 L.Ed.2d 127 (1977), we said,

> With respect to the inconsistency of the jury's verdict, it is well established that inconsistent verdicts on a multi-count indictment do not *per se* invalidate a jury's findings. As Mr. Justice Holmes wrote in *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932), "[c]onsistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." Thus, as a general proposition, if a jury has convicted a defendant on one count of an indictment, and the government has adduced evidence legally sufficient to convict the defendant on that count, then whatever the jury did with the remaining counts is immaterial to the appellate inquiry. And this is no less

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

true in a situation where there is a logical inconsistency when the jury's findings on all the counts of the indictment are considered as a whole. *See, e. g., United States v. Stiglets*, 463 F.2d 242 (5th Cir. 1972). The evidence before us is not only sufficient, it is overwhelming.

■ McLaurn also contends that a supplemental instruction lacked balance. Whatever merit, if any, that this contention might otherwise have would depend on the isolation and examination of the supplemental instruction apart from any other instruction. In *United States v. Blevins*, 555 F.2d 1236, 1239 (5th Cir. 1977), *cert. denied*, 434 U.S. 1016, 98 S.Ct. 733, 54 L.Ed.2d 761 (1978), this Court repeated the established rule that

> [t]he supplemental charge must be considered as an addition to the original instruction rather than as an independent charge. As long as the combined charges accurately cover the point of law at issue, no reversible error exists.

The charge as a whole is not subject to the criticism advanced by McLaurn.

AFFIRMED.