[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13207
Non-Argument Calendar

_____

D. C. Docket No. 07-20785-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP WALTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2009)

Before TJOFLAT, DUBINA and ANDERSON, Circuit Judges.

PER CURIAM:

Phillip Walton appeals his convictions for possession with intent to distribute a detectable amount cocaine base, in violation of 21 U.S.C. § 841; possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d); and his aggregate 300-month custodial sentence. On appeal, Walton challenges the district court's denial of his motion to suppress the evidence. Walton argues that (1) the magistrate judge made improper credibility determinations during the hearing on the motion to suppress; (2) the warrantless arrest inside his apartment was not justified by exigent circumstances; (3) his subsequent consent to search the apartment was not voluntary; and (4) his post-arrest statements were not voluntary. Walton also contends that the admission of hearsay evidence at trial violated the Confrontation Clause and, in the alternative, should have been excluded under Federal Rule of Evidence 403. Lastly, Walton maintains that his 300-month, within-range sentence is unreasonable. For the reasons set forth below, we affirm.

## STANDARD OF REVIEW

A district court's ruling on a motion to suppress presents a mixed question of law and fact. United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). We review the district court's application of the law to the facts de novo, but

accept the district court's factual findings unless they are clearly erroneous. Id. Additionally, we construe the facts in the light most favorable to the prevailing party. Id. In cases where a magistrate judge has made a credibility determination based on an assessment of witnesses' in-court testimony, we "defer to the magistrate judge's determinations unless his understanding of the facts appears to be unbelievable." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (internal quotation marks omitted).

We review de novo the scope of the Confrontation Clause. United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005). However, we review a district court's evidentiary ruling for an abuse of discretion. Conroy v. Abraham Chevrolet-Tampa, Inc., 375 F.3d 1228, 1232 (11th Cir. 2004).

## DISCUSSION

For the reasons set forth below, we conclude that the district court did not err in denying Walton's motion to suppress the evidence. Second, we conclude that there was no violation of the Confrontation Clause and the district court did not abuse its discretion in declining to exclude testimony under Federal Rule of Evidence 403. Finally, we discern no error in the district court's application of the sentencing guidelines.

A. The Motion to Suppress the Evidence

Having reviewed the record and the briefs of the parties, we conclude that the district court properly denied Walton's motion to suppress the physical evidence seized from his apartment. We will address each argument in turn.

### 1. The Magistrate's Credibility Determination

First, Walton argues that the magistrate judge rejected his testimony without making a proper credibility determination. A court cannot reject a defendant's testimony due merely to the defendant's status as the accused. See Gallego v. United States, 174 F.3d 1196, 1198-99 (11th Cir. 1999). Here, the magistrate's report and recommendation reflects that the magistrate considered the conflicting testimony offered by the police officers and the defense witnesses. The report then clearly states that the testimony of the officers was credible. Accordingly, we find that the magistrate judge did make a proper credibility determination.[1]

### 2. The Warrantless Arrest

Second, Walton argues that the initial entry, detention and protective sweep in the apartment violated the Fourth Amendment. "[T]he Fourth Amendment has

---

[1] On appeal, Walton argues that testimony presented for the first time at trial conflicted with a factual finding upon which the magistrate judge relied in making credibility determinations. Thus, Walton argues that the magistrate judge's credibility determinations were based on a clearly erroneous fact. We can find no indication in the record that Walton brought this inconsistency to the attention of the district court. As a general rule, we will not consider arguments not fairly presented to the district court. Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

4

drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." Payton v. New York, 445 U.S. 573, 590, 100 S. Ct. 1371, 1382 (1980). Walton argues that there were no exigent circumstances because two hours had elapsed from the time of the shooting. According to Walton, the police had secured the apartment complex and could monitor the apartment in question while obtaining a warrant. We disagree.

"The term 'exigent circumstances' refers to a situation where the inevitable delay incident to obtaining a warrant must give way to an urgent need for immediate action. Such is the case when resort to a warrant might endanger the police or the public." United States v. Burgos, 720 F.2d 1520, 1526 (11th Cir. 1983). In Burgos, the Court affirmed the district court's denial of a motion to suppress evidence obtained during a warrantless search. The opinion concluded:

> The [ATF] agents had been informed that Mr. Kasha had purchased one hundred and ninety-two guns without the proper license in a seven month period. They had observed Mr. Kasha transfer two large boxes filled with arms to [the defendant]. They had observed [the defendant] enter his home and get help from an unknown man in unloading the boxes. The agents were faced with a house laden with arms and an unknown number of people inside. The officers could reasonably believe that the household was an arsenal. The threat of injury to the neighborhood and arresting officers justified the avoidance of delay involved in obtaining a warrant. Quick action increased the likelihood that no one would be injured.

Id.

We find the present circumstances analogous. The Miami-Dade police department received an emergency call reporting multiple rounds of gunshots from an assault rifle. The shots were fired in a twelve-building apartment complex directly across the street from an elementary school. At the scene, investigators discovered multiple impact holes from an AK-47 and empty casings on the ground. Approximately two hours after officers arrived on the scene, an individual involved in the shooting identified Walton as the perpetrator and directed police to his apartment. The police were informed that Walton kept weapons in his apartment. As the officers approached the apartment, they positively identified Walton through an open door. The police were faced with an apartment potentially full of an unknown number of armed individuals. Accordingly, we conclude that exigent circumstances justified the officer's warrantless entry, detention and protective sweep.[2]

### 3. The Consent to Search

Third, Walton argues that his consent to a search beyond the initial protective sweep was involuntary. Consent to search is effective only if voluntarily given. Ramirez-Chilel, 289 F.3d at 752. Consent cannot be premised

---

[2] The argument in Walton's brief is insufficient to preserve the issue of probable cause. Therefore, it has been waived.

on "a mere submission to a claim of lawful authority." Florida v. Royer, 460 U.S. 491, 497, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983). Voluntariness is determined in reference to the "totality of the circumstances." Ramirez-Chilel, 289 F.3d at 752 (internal quotations omitted).

After the officers conducted a brief protective sweep of the apartment incident to Walton's lawful arrest, Walton signed a written consent form allowing the officers to search his apartment. The magistrate judge made several findings: only one officer approached Walton to obtain his consent, Walton was not threatened, none of the officers had their guns drawn and the written form specifically advised Walton that he could refuse consent to a search. Accordingly, we discern no error in the district court's conclusion that the defendant voluntarily consented to the search of his apartment.

### 4. The Post-Arrest Statements

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In Miranda v. Arizona, the Supreme Court held that the government "may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."

7

384 U.S. 436, 444 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). In order for a defendant's incriminatory statements to be admissible, the government must prove by a preponderance of the evidence that the defendant made a knowing, voluntary and intelligent waiver of his Miranda rights. United States v. Farris, 77 F.3d 391, 396 (11th Cir. 1996). We determine voluntariness based upon the totality of the circumstances, construing the facts in the light most favorable to the prevailing party. United States v. Barbour, 70 F.3d 580, 584 (11th Cir. 1995). We have recognized that a statement is not given voluntarily if it is "extracted by any sort of threats or violence, or obtained by any direct or implied promises, or by the exertion of any improper influence." United States v. Veal, 153 F.3d 1233, 1244 n.14 (11th Cir. 1998) (internal quotations omitted).

Having reviewed the record and the briefs of the parties, we conclude that the district court properly denied Walton's motion to suppress his post-arrest inculpatory statements. The magistrate judge made several findings: an officer read Walton his Miranda rights before he was questioned, Walton appeared to understand those rights, Walton signed a form waiving his Miranda rights before he was questioned, Walton was not under the influence of narcotics, and Walton was not coerced or threatened into giving any statement. Therefore, the district court did not err in concluding that a preponderance of the evidence established

that Walton made a knowing, voluntary, and intelligent waiver his <u>Miranda</u> rights and that Walton's statements were voluntary.

B. <u>The Confrontation Clause</u>

The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Federal Rule of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Rule 802 excludes hearsay as evidence unless otherwise authorized by rule or statute. Rule 803 excepts present sense impressions from the exclusionary hearsay rule. Fed.R.Evid. 803(1).

One of the government's witnesses testified to an out-of-court statement made by a third party. The district court admitted the statement as a present sense impression. Both parties agree that the statement was non-testimonial. "Admission of non-testimonial hearsay against criminal defendants . . . violates the Confrontation Clause unless the statement falls within a firmly rooted hearsay exception, or otherwise carries a particularized guarantee of trustworthiness." <u>United States v. Baker</u>, 432 F.3d 1189, 1204 (11th Cir. 2005) (citing <u>Ohio v. Roberts</u>, 448 U.S. 56, 66, 100 S. Ct. 2531, 65 L.Ed.2d 597 (1980)). Here, we

9

conclude there was no violation.[3]  See United States v. Rouse, 452 F.2d 311, 314

n.3 (5th Cir. 1971) (noting that res gestae is a historic concept that embodies

declarations of present sense impressions, declarations of present bodily condition,

declarations of present mental state and emotions, and excited utterances).

In the alternative, Walton argues that the statement should have been

excluded under Fed.R.Evid. 403.  A district court's discretion to exclude evidence

under Rule 403 is limited.  United States v. Terzado-Madruga, 897 F.2d 1099,

1117 (11th Cir. 1990).  "Evidence may be excluded only when 'its probative value

is substantially outweighed by the danger of unfair prejudice.'"  Id. (quoting

Fed.R.Evid. 403).  We have stated that "Rule 403 is an extraordinary remedy

which should be used only sparingly since it permits the trial court to exclude

concededly probative evidence."  Id. (internal quotations and citations omitted).

The disputed statement was introduced for the purpose of establishing, at

least in part, the circumstances surrounding the charged offenses.  Furthermore,

Walton had the opportunity to cross-examine the witness.  Having reviewed the

---

[3]    Defendant's allegations that the witness fabricated his testimony are irrelevant to the application of the Confrontation Clause.  The Confrontation Clause protects the right of the accused "to be confronted with the witnesses against him."  U.S. Const. amend. VI.  Here, the witness was available at trial for cross-examination.  Walton chose not to conduct a cross-examination.

record and the briefs of the parties, we conclude that the district court did not err by failing to exclude the statement under Rule 403.

### C. Walton's Sentence

We review a final sentence for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). In conducting this review, we apply a deferential abuse of discretion standard. Gall v. United States, 552 U.S. ___, ___, 128 S. Ct. 586, 591, 597, 169 L.Ed.2d 445 (2007). We first review whether the district court committed a procedural error, such as incorrectly calculating the Guidelines, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, imposing a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Id. at ___, 128 S. Ct. at 597. The district court's application of the Guidelines "may be based on undisputed statements in the PSI." United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006).

If there are no procedural errors, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall, 552 U.S. at ___, 128 S. Ct. at 597. This review involves inquiring whether the § 3553(a) factors supported the sentence and justified any deviation from the defendant's sentencing range. Id. at ___, 128 S. Ct. at 600.

The factors presented in § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786; 18 U.S.C. § 3553(a). However, the district court is not required to discuss each individual factor when determining a sentence. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005). Even if we disagree with the weight a district court accords to any given 3553(a) factor, we will not reverse a procedurally proper sentence unless we are left with the firm conviction that the court committed "a clear error of judgment" in weighing the factors. United States v. McBride, 511 F.3d 1293, 1297 (11th Cir. 2007) (internal quotations and citation omitted). A defendant challenging his sentence bears the burden of establishing that it is unreasonable. Talley, 431 F.3d at 788.

Walton raises three arguments: the district court did not adequately take into account the § 3553(a) factors, Walton's prior criminal history did not warrant a career offender enhancement, and the court failed to consider any mitigating circumstances. Having reviewed the record and the briefs of the parties, we

12

discern no error with respect to Walton's sentence. The district court expressly stated that it considered the statutory factors and provided a detailed explanation of the basis of its sentence. Similarly, the court took into account the nature of Walton's prior criminal acts and found that it was appropriate to categorize Walton as a career criminal. Finally, the district court stated that it considered the presentence report, which discusses all of the mitigating circumstances that Walton sets forth on appeal. Based on the foregoing, the district court did not err in sentencing Walton to 300 months of incarceration. Gall, 552 U.S. at __, 128 S. Ct. at 597.

Accordingly, we affirm Walton's convictions and aggregate sentence.

**AFFIRMED**.[4]

---

[4] Appellant's request for oral argument is denied.