[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10579
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00349-JSM-TGW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC B. HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 18, 2011)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Isaac B. Hernandez appeals his convictions for conspiracy to possess with

intent to distribute 50 grams or more of methamphetamine, in violation of 21

U.S.C. §§ 846 and 841(b)(1)(A)(viii); and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). On appeal, Hernandez argues that the evidence was insufficient to prove beyond a reasonable doubt that he was guilty of conspiracy and possession with intent to distribute 50 grams or more of methamphetamine. Specifically, Hernandez argues that there was no evidence that he associated himself with a criminal venture to possess and distribute drugs because he was never present when Garnica and Valenzuela discussed drug distribution, and that if he was present, he did not actively participate in the discussions or operations. Even though he drove Garnica to a drug transaction on June 10th, 2009, Hernandez claims he did not know that the meeting was for the purpose of transferring drugs, he did not participate in any negotiations, and he did not participate in the transfer of drugs. All of the evidence adduced at trial shows that Garnica negotiated drug transactions while Valenzuela supplied the drugs. Hernandez simply provided Garnica with a ride. Hernandez points to the jury's acquittal on Count Three (related to the June 18th, 2009, drug transaction) as proof that there was insufficient evidence for the jury to convict him of conspiracy.

We review the denial of a motion for judgment of acquittal and the sufficiency of the evidence *de novo*, viewing the evidence in the light most

2

favorable to the government, and drawing all reasonable inferences and credibility assessments in the government's favor. *United States v. Mintmire*, 507 F.3d 1273, 1289 (11th Cir. 2007). We must draw all reasonable inferences in favor of supporting the jury's verdict, and will uphold a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Mintmire*, 507 F.3d at 1289 (quotation and emphasis omitted). When we review the sufficiency of the evidence to support a count of conviction, we attach no evidentiary significance to the jury's acquittal of another count. *See United States v. Johnson*, 889 F.2d 1032, 1035 (11th Cir. 1989); *United States v. McLaurn*, 580 F.2d 811, 811-12 (5th Cir. 1978).

In order to convict a defendant of conspiracy to possess with intent to distribute drugs, the government must prove beyond a reasonable doubt that (1) an agreement existed between two or more persons to commit a crime and (2) the defendant knowingly and voluntarily joined or participated in the conspiracy. *United States v. Ohayon*, 483 F.3d 1281, 1292 (11th Cir. 2007). A defendant may be found guilty of conspiracy if the evidence demonstrates that he knew the essential objective of the conspiracy, even if he did not know all of its details or played only a minor role in the overall scheme. *United States v. McNair*, 605 F.3d

1152, 1195-96 (11th Cir. 2010). The government need not show that each defendant had direct contact with each of the other alleged co-conspirators, nor is it necessary for the government to prove that a defendant participated in every stage of the conspiracy. *Id.* at 1196. Further, the testimony of an accomplice can be sufficient to prove guilt, even though the witness is an admitted drug user and convicted felon. *See Craig v. Singletary*, 127 F.3d 1030, 1044-45 (11th Cir. 1997) (*en banc*); *United States v. Andrews*, 953 F.2d 1312, 1318 (11th Cir. 1992).

To convict a defendant for drug possession with intent to distribute, the government must prove beyond a reasonable doubt that the defendant had (1) knowledge; (2) possession; and (3) intent to distribute. *See United States v. Garcia-Bercovich*, 582 F.3d 1234, 1237 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 1562 (2010). "Possession may be either actual or constructive; if the accused exercised some measure of dominion or control over the contraband, either exclusively or in association with others, he constructively possessed it." *United States v. Battle*, 892 F.2d 992, 999 (11th Cir. 1990) (quotation omitted).

With regard to the conspiracy charge, the testimony established that Hernandez was Garnica's regular driver in drug transactions. Hernandez knew that the purpose of going to Gretna Lane on June 10th, 2009, was to acquire four ounces of methamphetamine to sell in the Lowe's parking lot. Hernandez was

4

present when the methamphetamine was loaded into the bed of his truck, and subsequently watched Garnica retrieve the drugs from his truck and then complete the sale of the drugs. Further, Hernandez received $400 from the June 10th transaction for his driving services and acted as a trusted repository for Valenzuela's share of the profit from the drug transaction.

With regard to the possession with intent to distribute methamphetamine charge, Garnica testified that Hernandez knew that the purpose of going to Gretna Lane on June 10th, 2009, was to acquire four ounces of methamphetamine to sell in the Lowe's parking lot. At Gretna Lane, Hernandez was present when the methamphetamine was loaded into the bed of his truck. He then transported Garnica and the methamphetamine to the Lowe's parking lot and watched Garnica retrieve the drugs from his truck and complete the sale of the drugs. A reasonable jury could find beyond a reasonable doubt that Hernandez shared constructive possession of the drugs while acting with the requisite intent.

Because the government sufficiently proved each of the elements of the charged offenses, Hernandez has failed to demonstrate that a rational trier of fact could not have found the essential elements of the crimes beyond a reasonable doubt. Accordingly, we affirm his convictions.

**AFFIRMED.**[1]

---

[1] Hernandez's request for oral argument is denied.